UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: GRAND JURY SUBPOENA | § § § § § § | 4:20-MC-3437 JUDGE VANESSA GILMORE |

*FILED UNDER SEAL*

**EXPEDITED MOTION TO QUASH OR EXTEND GRAND JURY SUBPOENA APPEARANCE DATE**

*TO THE HONORABLE JUDGE OF THIS COURT*:

Movant Durriya Sutarwalla asks the Court to quash her grand jury subpoena or extend her grand jury appearance date, and show the following to support this request:

1. Durriya Sutarwalla was served an individual grand jury subpoena (via email by FBI Special Agent Oneil Brown through undersigned counsel) on the afternoon of December 8, 2020. See attached Exhibit A (GJ Subpoena of Movant) (the "GJ Subpoena").

2. Movant has been directed to appear in front of the grand jury at 9:00 am on December 15, 2020 – less than 1 whole week after receipt of the subpoena. This Motion was made promptly and before the date of appearance.

3. Previously Movant's counsel has explained to the U.S. Department of Justice (USDOJ) attorney Ramy Badawy that Mrs. Sutarwalla has no information about the substance of the allegations against the target of the grand jury investigation (Z.B.), and that the Movant has had limited contact with the target beyond being members of the same religious community and attending the same mosque in Houston. After issuance of the GJ Subpoena, Movant's counsel has

conferred via email explaining the Movant's health conditions and intention to assert privilege for any questions that are ambiguous, misleading or that intend to trap the Movant (as the Department of Justice has done in a similar, pending case in the Eastern District of Michigan involving other members of the same religious community). Mr. Badawy has said that he cannot respond until Monday, and thus this Motion to Quash has been required to be filed and heard by the Court on an expedited basis.

4. Both the Civil and Criminal Rules of Procedure provide for the quashing of a subpoena if compliance would be unreasonable or oppressive, or places an undue burden on the subpoenaed individual. *See* Fed.R.Cr.P. 17(c)(2) (*Quashing or Modifying the Subpoena - On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.*) and Fed.R.Civ.P. 45(d)(3) (*On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; or . . . (iv) subjects a person to undue burden.*) The civil rule specifically requires allowing a reasonable time to comply with the subpoena.

5. Movant requests the grand jury subpoena to be quashed (or in the alternative, extended to another date) for the following reasons:

    a. Mrs. Sutarwalla's physical health conditions place her at a high risk of complications if exposed to COVID-19, and a prescription drug (quetiapine) she takes for a mental health condition makes her drowsy and will affect her ability to testify (especially given the time of the grand jury subpoena in the early morning);

    b. Undersigned counsel is the Movant's son, and he is in the process of retaining co-counsel in the matter (as his practice focuses on civil and business law). Notwithstanding the

foregoing, undersigned counsel himself is on paternity leave (since his newborn son was born on November 30th), and his wife will need to leave at a moment's notice to San Antonio as her grandmother was admitted to the ICU this past Friday (leaving the Movant as the only person for backup child-care).

      c.      The DOJ's subpoena does not give any information regarding the statute or specific information sought from the Movant – based on communications with Agent Brown, it appears that the Government is seeking testimony from the Movant regarding a trip that the target of the investigation (ZB) took to Tanzania in October 2016 as part of her religious community's annual Moharram convention. Movant (through counsel) has already stated that she was <u>not</u> involved with the target's travel plans to such convention, only saw her one time for a minute or less in a public location at the hotel, and her hotel room was booked by their travel agent (in which the travel agent transferred an extra hotel room booked by the target's husband to the Movant's husband because they were having a difficult time finding hotel rooms). She has no other information to share about this particular trip – and she has been willing to confirm this information via written responses to questions and/or via affidavit (which the USDOJ has been unwilling to accept, and which would lessen the health risks noted above and below).[1]

6.      Based on information and belief, it appears that the USDOJ is attempting to uit se the grand jury to obtain an indictment for a violation of 8 USC §116 – specifically sub-section (d) of the statute. Based on a cursory review of public sources, this appears to be the first attempt by the

---

[1] Mrs. Sutarwalla is also aware that the target ZB has traveled for the same annual convention for many years. The annual convention has been held in different locations around the world every year since the 1960s to hear the 9-day sermons of the leader of the Dawoodi Bohra religious community – including in Houston in 2015 and previously in 2001. The convention in Tanzania was held in October 2016, and Tanzania is also the home place of the target's family (where many of her extended family members still live) prior to their immigration from Africa.

USDOJ at prosecuting this specific sub-section of the law; and only the second time prosecuting 8 USC §116 as a whole – in the first such prosecution, Judge Friedman of the Eastern District of Michigan (in *U.S. v. Nagarwala, et. al.*; Case Number 2:17-cr-20274 (Eastern District of Michigan)) ruled this statute to be unconstitutional[2,3] (as well as dismissing several associated charges on statutory interpretation bases) against other members of the same religious community as Movant.

7.  Because the Movant cannot provide any information that is helpful in charging the target ZB, then it appears that the Government is improperly attempting to use Movant to either "name other names" in her religious community (in violation of her rights under the First Amendment and the Religious Freedom Restoration Act of 1993) or even worse, try to trap her to incriminate herself somehow (in violation of the Fifth Amendment). For these reasons, the Movant has expressed her advance intent to assert her constitutional privilege under the 5th Amendment against self-incrimination, and the USDOJ has clear guidance that it must excuse her from attendance in front of the grand jury if she intends to assert this privilege. *See* § 9.11-154 of the USDOJ's Justice Manual (Advance Assertions of an Intent to Claim the Fifth Amendment Privilege Against Compulsory Self-Incrimination).

**Health Conditions of Movant Support this Motion to Quash**

8.  The Movant is a 60-year old woman with extensive health issues – in particular, she has had two knee replacement surgeries (in the last 18 months), ongoing physical therapy for arthritis of her

---

[2] Judge Friedman specifically ruled as to sub-section (a), but the conduct covered by sub-section (d) is the same as sub-section (a) if the defendant intended to travel for the purpose of committing such conduct overseas.

[3] The US DOJ, in a notification by then-Solicitor General Noel Francisco to Congress and the 6th Circuit Court of Appeals, stated that the DOJ declined to appeal Judge Friedman's ruling noting inherent constitutional weaknesses in the law and asked Congress to pass a new law – this new law has not been passed, and in any case would not cover actions taken in 2016 (which is the apparent subject time of this grand jury investigation).

neck, and takes medications for Type II diabetes. She also takes medications for high blood pressure and bladder control issues. Upon the advice of her physicians, she has limited her social interactions to her family for the last 9 months. Given the exigency of COVID-19 and the need for in-person attendance, the Movant is in an extremely high-risk category, and she faces severe complications if she was to contract COVID-19. The Southern District of Texas is under a general emergency order related to this pandemic, and Courts may excuse persons in a high risk category as Movant from attendance.

9. In addition, Movant has been taking the medication quetiapine for several years to treat a mental health condition – this medicine makes her drowsy and may affect her ability to recall or otherwise testify to the Grand Jury at the stated time. The stress of the grand jury appearance likely will greatly affect her mental & psychological condition.

**Movant's Counsel's Availability Support this Motion**

10. As described above, undersigned counsel had a newborn baby on November 30th – and is on paternity leave for the duration of December 2020 (or at least trying to juggle with ongoing client commitments). Nine o'clock in the morning (to come from the suburbs) is an inopportune time for the other children getting ready for school.

11. Further, undersigned's spouse's grandmother was admitted to the ICU this past Friday (December 11th) in San Antonio and may require her to travel on a moment's notice with her grandmother's primary caretaker (undersigned's mother-in-law) (who is in Houston helping with the new baby).

12.  As noted above Movant is the undersigned's mother & backup childcare, it will be very difficult for counsel and the Movant if this were to happen. In fact, one of the reasons that they have not left to San Antonio is because of the GJ Subpoena.

13.  In the alternative, if this Court does not quash the SJ Subpoena, but instead wishes to extend the time for appearance, undersigned counsel will be able to retain a lawyer for the Movant with more experience in federal criminal law – this will also allow Movant to prepare in a meaningful way with her attorney. The Movant's right to effective assistance of counsel will be violated if she is required to appear before the grand jury on December 15th as she has not had enough time to comply and prepare for said appearance.

14.  For the foregoing reasons, Movant asks that the grand jury subpoena be quashed, or her appearance date be extended to the week of February 1 or later so that she has time to prepare for her testimony.

15.  As the USDOJ attorneys Ramy Badawy and Kimberly Leo have not responded to this request, they are accordingly marked as being opposed to this motion.

Respectfully submitted,

/s/ M. Sutarwalla

Murtaza F. Sutarwalla
State Bar No. 24056398
S.D. Tex. No. 2589991
*Attorney-in-Charge*

**EDWARDS SUTARWALLA PLLC**

1300 McGowen St.
Suite 270
Houston, Texas 77004
Telephone: (832) 717-2562
Fax: (713) 583-8715
Email:
murtaza@eslawpartners.com

**ATTORNEY FOR MOVANT**
**DURRIYA SUTARWALLA**

CERTIFICATE OF CONFERENCE

Assistant U.S. Attorney Kimberly Leo and USDOJ Attorney Ramy Badaway have not responded to this request to quash or extend the date of appearance, and are accordingly marked as opposed to this motion.

/s/ M. Sutarwalla

Murtaza Sutarwalla

CERTIFICATE OF SERVICE

A copy of this motion was served upon the Government via e-mail on December 14, 2020.

/s/ M. Sutarwalla

Murtaza Sutarwalla