AO 110 (Rev. 06/09) Subpoena to Testify Before Grand Jury

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

### SUBPOENA TO TESTIFY BEFORE A GRAND JURY

To:    Durriya Sutarwalla

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place:  U.S. Federal Building and Courthouse<br>515 Rusk Avenue<br>Houston, Texas 77002 | DATE AND TIME:<br><br>12/15/2020   9:00 AM |
|---|---|

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Date:     12/08/2020

David J. Bradley,
CLERK OF COURT

Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the United States attorney, or assistant United States attorney, who requests this subpoena, are:

Kimberly A. Leo, Assistant United States Attorney
U.S. Attorney's Office- (713) 567-9000
1000 Louisiana, Suite 2300
Houston, Texas 77002
S/A Oneil Brown, FBI (713) 936-5838

GJ# 20-03

Disclosure No. 20-4190

AO 110 (Rev. 06/09) Subpoena to Testify Before Grand Jury (Page 2)

## PROOF OF SERVICE

This subpoena for *(name of individual or organization)* _____

_____

was received by me on *(date)* _____ .

    ☐   I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

    ☐   I returned the subpoena unexecuted because: _____

_____

I declare under penalty of perjury that this information is true.

Date: _____

 

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Texas*

| | |
|---|---|
| *U.S. Attorney's Office* | *Phone (713) 567-9000* |
| *1000 Louisiana, Suite 2300,* | *Fax (713) 718-3300* |
| *Houston, Texas 77002* | |

December 8, 2020

Durriya Sutarwalla

        Re: Grand Jury Subpoena: 20-03, Disclosure # 20-4190
        Return Date: December 15, 2020 @ 9:30AM

Dear Sir/Madam:

        Pursuant to an official investigation of a suspected federal offense being conducted by the Federal Grand Jury in the Southern District of Texas, it is requested that your institution furnish the documents and information requested on the attachments.

        Although not legally obligated, you are requested not to disclose the existence of this subpoena or the fact of your compliance. Any such disclosure would seriously impede the investigation being conducted and could interfere with the enforcement of the federal criminal law.

        You are requested not to disclose the existence of this subpoena or the fact of your compliance. Any such disclosure could seriously impede the investigation being conducted and interfere with the enforcement of the federal criminal law.

                Sincerely,

                RYAN K. PATRICK
                United States Attorney


        By:   *Kimberly Ann Leo*
                Kimberly A Leo
                Assistant United States Attorney

# WARNING
## CIVIL AND CRIMINAL PENALTIES EXIST FOR CERTAIN DISCLOSURES REGARDINGA GRAND JURY SUBPOENA

As a recipient of a grand jury subpoena for financial institution records, you should be aware that civil and criminal penalties exist for making certain disclosures regarding this subpoena. The prohibited notifications and applicable penalties are stated in 12 U.S.C. § 3420(b) and 18 U.S.C. § 1510(b), respectively (copies of which are attached).

The criminal penalties include a fine up to $250,000 and a maximum prison term of five years if an officer of a financial institution (as defined in 18 U.S.C. § 1510(b)) notifies, directly or indirectly, any person regarding the existence or contents of this subpoena with the intent to obstruct a judicial proceeding. In addition, a fine of up to $100,000 and a maximum prison term of one year may be imposed if the notification is made, directly or indirectly, to a customer of the financial institution whose records are sought by the subpoena or to a person named in the subpoena.   Civil money penalties may also be imposed.

12 U.S.C. § 3420(b), as amended by Pub. L. 95-630, Title XI, § 1120, Nov. 10, 1978, 92 Stat. 3709; Pub. L. 100-690, Title VI § 6186(e), Nov. 18, 1988,102 Stat. 4358; Pub. L. 101-73, Title IX, § 1532, Oct. 28, 1992, 106 Stat. 4066, provides as follows:

    (b)(1) No officer, director, partner, employee, or shareholder of, or agent or attorney for, a financial institution shall, directly or indirectly, notify any person named in a grand jury subpoena served on such institution in connection with an investigation relating to a possible –

        (C) crime against any financial institution or supervisory agency or crime involving a violation of the Controlled Substance and Export Act [21 U.S.C.A. § 951 et seq], section 1956 or 1957 or Title 18, sections 5313, 5316, and 5324 or Title 31, or section 60501 of Title 26; or

        (D) conspiracy to commit such a crime, about the existence or contents or such subpoena, or information that has been furnished to the grand jury in response to such subpoena.

    (2)   Section 1818 of this title and section 1786(k)(2) of this title shall apply to any violation of this subsection.

18 U.S.C. § 1510, as amended by Pub. L. 90-123, § 1(a), Nov. 3, 1967, 81 Stat, 362; Pub. L. 97-291, § 4(e), Oct. 12, 1982, 96 Stat. 1253; Pub. L. 101-73, Title IX, § 962(c), Aug. 9, 1989, 103 Stat. 502; Pub. L. 102-550, Title XV, § 1528, Oct. 28, 1992, 106 Stat. 4065; Pub. L. 102-550, Title XV, §1528, Oct. 28, 1992, 106 Stat. 4065; Pub. L. 103-322, § 320604, Sept. 13, 1994, 108 Stat. 1796, provides as follows:

    (b)(1) Whoever, being an officer of a financial institution, with the intent to obstruct a judicial proceeding, directly or indirectly, notifies any other person about the existence or contents of a subpoena for records of that financial institution, or information that has been furnished to the grand jury in response to that subpoena, shall be fined under this title or imprisoned not more than five years, or both.

    **(4)**    Whoever, being an officer of a financial institution, directly or indirectly, notifies –

        **(A)**    a customer of that financial institution whose records are sought by a grand jury subpoena; or

        **(B)**    any other person named in that subpoena; about the existence or content of that subpoena or information that has been furnished to the grand jury in response to that subpoena, shall be fined under this title or imprisoned not more than one year, or both.

    **(5)**    As used in this subsection–

        **(A)**    the term "an officer of a financial institution" means an officer, director, partner, employee, agent, or attorney for a financial institution; and

        **(B)**    the term "subpoena for records" means a Federal grand jury subpoena for customer records that has been served relating to a violation of, or conspiracy to violate–

            (i)     section 215, 656, 657, 1005, 1006, 1007, 1014, or 1344, 1956, 1957, or chapter 53 of title 31; or

            (ii)    section 1341 or 1343 affecting a financial institution.

    **(d)**    As used in this section, the term "criminal investigator" means any individual duly authorized by a department, agency, or armed force of the United States to conduct or engage in investigations of or prosecutions for violations of the criminal laws of the United States.

    (d)(1)  Whoever –

        **(A)**    acting as, or being, an officer, director, agent or activities affect interstate commerce, or

        **(B)**    is engaged in the business of insurance whose activities affect interstate commerce or is involved (other than as an insured or beneficiary under a policy of insurance) in a transaction relating to the conduct of affairs of such business, with intent to obstruct a judicial proceeding, directly or indirectly, notifies any other person about the existence or contents of a subpoena for records of that person engaged in such business or information that has been furnished to a Federal grand jury in response to that subpoena, shall be fined as provided by this title or imprisoned not more than five years, or both.

    **(4)**    As used in paragraph (1), the term "subpoena for records" means a Federal grand jury subpoena for records that has been served relating to a violation of, or a conspiracy to violate, section 1033 or this title.